CHARLES G. STIFEL, Respondent, *v.* MICHAEL LYNCH, Appellant.

### June 10, 1879.

Where the contract is that goods sold by weight shall be paid for in cash on delivery, and some goods are delivered daily, the weight being taken on each delivery, that payment was not exacted on each delivery does not compel the seller to treat the several deliveries as part of one transaction ; and that judgment had been recovered for goods delivered does not bar a recovery for goods previously delivered.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

CASTLEMAN & LAUGHLIN, for appellant.

FINKELNBURG & RASSIEUR, for respondent, cited: *Flaherty* v. *Taylor*, 35 Mo. 447; *Brown* v. *King*, 16 Mo. 57.

HAYDEN, J., delivered the opinion of the court.

This is a suit, brought originally before a justice of the peace, on an open account to recover for ice furnished to the defendant by the plaintiff to the amount of $172.64. It appeared that after the items of the account thus sued for were furnished, other ice to the amount of $45 was furnished to the defendant by the plaintiff, and suit was brought for such items, and judgment recovered to the amount sued for, $45. The defence in the court below was that the plaintiff had split his demand; that the items of the account sued for, and for which judgment had been recovered before the suit on the present account was brought, were part of one account; and that by his act dividing the account and suing on part of it, the plaintiff was barred of recovery in this suit.

There was, however, evidence on the plaintiff's part tending to show that the plaintiff sold to the defendant the ice at $10 per ton, to be paid for in cash on delivery, and that the loads of ice were weighed and the weights taken as each load was delivered. The items in the bill sued on consist of so many pounds of ice, each constituting a load, the dates extending from September 30 to October 14, inclusive, 1876. The plaintiff did not exact the cash upon delivery, but presented the account as now made out for payment. On October 16, two additional loads of ice were delivered, and on October 18, two loads more; and upon these items, amounting to $45, suit was brought as above stated, and the amount collected on judgment. The testimony of the defendant was to the effect that he did not agree to pay cash on delivery for any of the ice; and that all the items, those here as well as those before sued for, constituted one running account.

The court below instructed the jury to the effect that if the plaintiff sold to the defendant ice at the agreed price to the amount of $200, of which the ice sued for was a part, which was one account and constituted one demand, and the plaintiff had sued for and recovered a part of the $200 in another action, then such recovery was a bar to the present suit, and the verdict should be for the defendant; but that if, by the agreement of the parties, each load or item of ice was to be paid for on delivery, then the whole $200 did not make one account or constitute one demand.

This instruction fairly expressed the law of the case. It was for the jury to say, in the conflict of evidence, what the agreement was; and if, as the jury have found, the sale was conditional, for cash on delivery, the fact that the plaintiff did not exact immediate compliance, whatever other effect it may have had, did not compel him to treat the several deliveries as parts of one transaction. So far as the accruing of the causes of action was concerned, the several obligations were complete with the delivery of the several loads of ice, and there were breaches upon the several failures to pay. There was no obligation upon the plaintiff to instantly sue; nor can the nature of the contract, and the legal consequences of it, be altered by his failure to immediately do so, or by an assumption merely, on the defendant's part, that there was only one running account. The express contract here negatived that implication from which a running account often arises, and showed that by the original agreement the demand was not to be an entirety. This was part of the defendant's bargain.

If, moreover, there was any question of waiver, that question, though the term " waiver " was not used, was virtually put to the jury by the instruction given. It was not necessary for the court to use the term " running account," as employed in the defendant's instruction, nor would it have been proper here without explanation.

The instruction given fairly presented the material issue, and the judgment will be affirmed. All the judges concur.