EUGENE J. ALIE *vs.* ONESIME NADEAU.

York. Opinion November 29, 1899.

*Judgment. Former Suits. Entire Contract.*

Only one action can be maintained for the breach of an entire or indivisible contract; and the judgment obtained by the plaintiff in one suit may be pleaded in bar for a second suit.

A litigant cannot sever an entire or indivisible contract and become entitled to maintain several actions as for several breaches of it, simply by limiting his claim for damages in his earlier actions to less than full damages.

The law presumes, in such case, that the plaintiff alleged and recovered in his first action all the damages which he sustained.

The defendant hired the plaintiff to work for him for the period of six months, beginning November 9, 1897, wages being payable weekly. The plaintiff was unjustifiably discharged by the defendant January 15, 1898, but was paid all wages due him up to that time. March 12, 1898, the plaintiff sued the defendant for breach of the contract and claimed damages to the date of his writ. In that action he recovered judgment in damages for an amount equal to the weekly wages from January 15, 1898, to March 12, 1898.

The plaintiff then brought another action claiming to recover damages from March 12, 1898, to May 9, 1898, the remainder of the period covered by the contract.

*Held;* that the former judgment is a bar to the second suit, and that the action cannot be maintained.

ON EXCEPTIONS BY DEFENDANT.

This was an action by the plaintiff to recover wages for the last two months of a period of six months, under an agreement entered into November 9th, 1897, wherein defendant agreed to employ plaintiff for six months at wages of ten dollars per week, payable weekly.

After keeping plaintiff in his employ about two months, or to

January 15th, 1898, defendant discharged him without cause. March 12th, 1898, the plaintiff brought suit to recover the wages due him up to that time, and on trial a jury found for the plaintiff on all the issues and rendered judgment for the wages due up to March 12, 1898. This judgment has been satisfied.

The present suit was brought at the expiration of the six months period to recover the balance of wages due after March 12th, 1898. The jury rendered a verdict for the plaintiff, and the defendant took exceptions to the refusal of the court to non-suit the plaintiff; and also upon the court's refusing to make certain rulings requested by defendant, which appear in the opinion.

*H. T. Waterhouse and B. F. Cleaves,* for plaintiff.

Counsel cited: *Timberlake* v. *Thayer,* (Miss.) 24 L. R. A. 232, and note; *Badger* v. *Titcomb,* 15 Pick. 409, 413; *Veazie* v. *Bangor,* 51 Maine, 509, 510; *Allard* v. *Belfast,* 40 Maine, 369, 377; *McMullan* v. *Dickinson Company,* (Minn.) 27 L. R. A. p. 410.

*F. W. Hovey,* for defendant.

After a servant is discharged, he cannot recover for services. It is immaterial that the plaintiff may have intended only one suit. In the first action for wages upon the theory of constructive service it must be held to be an action for damages, whether so intended or not. 1 Sutherland, Damages, 175–184; *Toles* v. *Hazen,* 57 How. Pr. 516; *Miller* v. *Covert,* 1 Wend. 487; *Farrington* v. *Payne,* 15 Johns. 432.

The prosecution of subsequent action by a servant after one recovery has been had, may be enjoined in equity, even though wages are payable weekly. The contract is entire and but one action is maintainable. *Tarbox* v. *Hartenstein,* 4 Baxter, 78; *Litchenstein* v. *Brooks,* 75 Tex. 196; *Keedy* v. *Long,* 5 L. R. A. 759, (S. C. 71 Md. 358, and 71 Md. 395.)

The plaintiff in the former action had a right to recover for all the damage sustained, by reason of the alleged wrongful discharge, both present and prospective. *Ennis* v. *Buckeye Pub. Co.,* 44 Minn. 105; *Bowe* v. *Minn. Milk Co.,* 44 Minn. 460; *Sutherland* v. *Wyer,* 67 Maine, 64; Wood, Master and Servant, 2nd Ed. p. 261.

Counsel also cited:    *Olmstead* v. *Bach*, 78 Md. 132, (22 L. R. A. 74); *Kahn* v. *Kahn*, 24 Neb. 209; *James* v. *Allen Co.*, 44 Ohio St. 226; *Colburn* v. *Woodworth*, 31 Barb. 381; *Booge* v. *Pacific R. Co.*, 33 Mo. 212, (82 Am. Dec. 160); Note to *Keedy* v. *Long*, (Md.) 5 L. R. A. 759, 767; *Dugan* v. *Anderson*, 36 Md. 567 (11 Am. Rep. 509); *Clossman* v. *Lacoste*, 28 Eng. L. & Eq. 140; Mayne, Damages, 159.

When the first action was brought to recover damages, for a breach of the contract, it was necessarily an election by the plaintiff to consider the contract as at an end, so far at least as performance on his part is concerned. The action operated as a rescission by him as to further performance. If the party thus situated brings his action before the entire measure of damages has been filled, or before the damages have become known so as to be susceptible of proof, it is his folly, or misfortune. He cannot sever them, and recover part in one action and the residue when discovered in another. But the question as to what damages the plaintiff ought to recover as his compensation, does not arise here. That question necessarily arose in the other action, and should have been there determined, that action being a bar to the present action. *Booge* v. *Pac. R. R. Co.*, supra.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, JJ.

SAVAGE, J.    The plaintiff brings this action to recover damages for the breach of a contract of service, whereby the plaintiff alleges that he agreed to enter and remain in the employment of the defendant for the period of six months from the ninth day of November, 1897, and that the defendant agreed to hire the plaintiff for the same period and to pay him for his labor the sum of ten dollars per week. The plaintiff further alleges that he entered upon the performance of the contract upon his part, and continued to work until January 15, 1898, upon which day he was discharged by the defendant, without lawful cause.

The case shows that the plaintiff was paid all wages due him up to the time of his discharge. On March 12, 1898, the plaintiff

commenced an action against the defendant for damages, alleging the same breach of the same contract as is alleged here, and claiming damages to the date of his writ. In that action he ultimately recovered judgment in damages for an amount equal to the weekly wages agreed upon from January 15, 1898, to March 12, 1898.

This action was commenced November 23, 1898, and the plaintiff now claims to recover damages from March 12, 1898, to May 9, 1898, the remainder of the period covered by the contract. At the close of the testimony, the defendant's counsel requested the presiding justice to instruct the jury that the judgment in the former action was a bar to recovery in this suit. To a refusal to give this instruction the defendant excepted.

We think the requested instruction should have been given. Here is a single and indivisible contract, a hiring for the period of six months. When the defendant discharged the plaintiff he broke the contract. He broke it altogether. But there was only one breach. The plaintiff urges that while the contract was entire, the performance was divisible, that each week's work constituted a performance so far, and that the defendant was in default each week he failed to continue plaintiff in his employment. Hence the plaintiff claims that an action will lie for each default. A little examination will show that this position cannot be sustained.

The contract of the defendant may be viewed in a two-fold aspect. In the first place, he agreed to continue the plaintiff in his employment for a period of six months. That contract was entire and indivisible. There was a single breach of that part of the contract. He also agreed, we will assume, to pay the plaintiff weekly. Performance of that part of the contract by the defendant was divisible, and the plaintiff might have maintained an action for wages for services performed on each failure of the defendant to pay as he agreed. To this effect are most of the cases cited by the plaintiff from our own decisions. But such is not this case. After the plaintiff was discharged, he performed no more service, and was entitled no longer to wages as such, for the contract was at an end. The damage was the loss of his contract right to earn wages. He was entitled to recover all the damages he sustained

by the breach, both present and prospective, and for such a breach but one action can be maintained. *Sutherland* v. *Wyer*, 67 Maine, 64. The plaintiff brought an action for breach of contract and recovered judgment for damages. It is to be presumed that he recovered all he was entitled to receive for that breach. We think the principles stated in *Sutherland* v. *Wyer*, supra, are decisive upon this point. See also *Miller* v. *Goddard*, 34 Maine, 102; *Colburn* v. *Woodworth*, 31 Barb. 381; *Olmstead* v. *Bach*, 78 Md. 132; *James* v. *Allen County*, 44 Ohio St. 226, and cases cited; 2 Sedgwick on Damages, 8th Ed. § 366.

But the plaintiff contends that the rule should not apply here, because in his first writ he claimed damages only to May 12, 1898. If this contention is sound, it follows that any litigant may sever an indivisible contract, and become entitled to maintain several actions as for several breaches of it, simply by limiting his claim for damages in his earlier actions, to less than full damages. We think this cannot be done. As we have already suggested, the law presumes that the plaintiff alleged and recovered in his first action all the damages that he sustained.

*Exceptions sustained.*