[No. 5050. Decided February 27, 1905.]

AUGUST VAN BEHREN, *Respondent,* v. AUGUST RETTKOWSKI *et al., Appellants.*[1]

PLEADINGS—AMENDMENT—DISCRETION OF COURT. Error cannot be predicated upon the allowance of an amended complaint in that it changed the cause of action, where the court acted within its discretion in allowing the amendment and the defendants were not misled or prejudiced.

APPEAL AND ERROR—REVIEW—EVIDENCE ON TRIAL DE NOVO. Error cannot be predicated on the improper admission of evidence in a case tried on the evidence in the supreme court, since it will be disregarded.

APPEAL AND ERROR—REVIEW—EVIDENCE. Findings will not be disturbed when justified by the evidence, although the same is conflicting.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered July 10, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, decreeing the conveyance of certain lands, and awarding damages. Affirmed.

1Reported in 79 Pac. 787.

*Myers & Warren,* for appellants.

*Martin & Grant* and *W. E. Southard,* for respondent.

PER CURIAM.—This action was brought by the plaintiff to compel the defendants to reconvey to him the property described in the complaint, and for damages for refusal to so convey, in the sum of $600, and for the further sum of $1,519, rentals for said premises, received by the said defendants, and for costs and disbursements. The defendants moved the court for an order requiring the plain-. tiff to make his complaint more definite and certain, whereupon an amended complaint was filed. Upon the issues being joined, and a trial by court, findings were made by the court, and a judgment rendered in favor of the plaintiff.

The appellants assign error of the court in allowing the respondent to file his second amended complaint, claiming that it entirely changed the cause of action, and contradicted the allegations of his first two complaints. An examination of these respective complaints convinces us that the court acted well within its discretion in allowing the amended complaint filed, and that the appellants were in no way misled or prejudiced by the filing of said complaint.

It is also assigned that the court erred in the admission of certain evidence. We have uniformly held that a cause will not be reversed for the admission of evidence in a case which is tried upon the evidence by this court; but, if it is inadmissible, it will simply be disregarded by this court.

The other errors relate to the findings of fact and conclusions of law. No good purpose will be subserved by reviewing in detail the evidence in the cause, which was more or less conflicting. It is sufficient to say that an examination of the record convinces us that the findings of

fact were abundantly justified by the testimony, and, such findings justifying the conclusions of law and the judgment, the same will be affirmed.