[No. 6562.  Decided February 18, 1907.]

A. W. CARMEAN, *Appellant*, v. NORTH AMERICAN TRANSPORTATION AND TRADING COMPANY, *Respondent*.[1]

JUDGMENT—RES JUDICATA—CONTRACTS FOR SERVICES—WRONGFUL DISCHARGE—SUCCESSIVE ACTIONS. As the doctrine of "constructive service" whereby successive actions may be maintained for wages accruing after a wrongful discharge does not now prevail, and the only remedy is damages for breach of contract, a recovery for salary for several months subsequent to a wrongful discharge, under a contract for employment for one year, whether for damages *eo nomine*, or for constructive service, is a bar to a subsequent action to recover salary for the balance of the term; since there is but one breach of the contract for which but one recovery for damages can be had.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 12, 1906, in favor of the defendant, upon overruling a demurrer to the defense and the refusal of the plaintiff to plead further, in an action on a contract of employment. Affirmed.

*I. D. McCutcheon*, for appellant.

*Bausman & Kelleher*, for respondent.

RUDKIN, J.—On or about the 19th day of May, 1905, the defendant company employed the plaintiff to take charge

[1]Reported in 88 Pac. 834.

of its business at Circle City, Alaska, for the term of one
year, commencing on the 1st day of June, 1905, at a salary
of $175 per month, payable monthly at the end of each and
every month during the term, and it was further agreed that
the defendant would board and lodge the plaintiff, or pay
him in lieu thereof $50 per month at the end of each and
every month.  On or about the first day of October, 1905,
the defendant discharged the plaintiff from its service, and
paid him in full for all salary due or to become due under
his contract up to November 1, 1905, and the $50 per month
in lieu of board and lodging up to October 1, 1905.  On
the 11th day of January, 1906, the plaintiff commenced
an action against the defendant in the superior court of
King county to recover the sum of $350, as salary for the
months of November and December, 1905, after his dis-
charge; the sum of $150 in lien of board and lodging for
the months of October, November, and December, after his
discharge; and an item for hotel expenses not material here.
On February 1, 1906, judgment was taken against the de-
fendant by default for the aggregate amount of these several
claims, and that judgment has been paid and satisfied of
record.  The present action was commenced on the 22d day
of June, 1906, to recover salary under the same contract
for the months of January, February, March, April, and
May, 1906, and for the further sum of $50 per month for
each of these months in lieu of board and lodging, aggre-
gating in all the sum of $1,125.  The defendant pleaded the
former judgment in bar of the present action.  A demurrer
to this defense was overruled in the trial court, and the
plaintiff electing to stand on his demurrer and refusing to
plead further, a judgment of dismissal was entered.  From
that judgment the present appeal is prosecuted.

If a servant employed for a stated term is wrongfully
discharged from his master's employment before the expira-
tion of his term of service, may he thereafter maintain suc-

cessive actions to recover subsequently accruing wages, or
has he but a single right of action for damages for breach
of his contract of employment? In other words, is a re-
covery in one action a bar to any further recovery for a
breach of the same contract. The right to maintain suc-
cessive actions for wages accruing after a wrongful dis-
charge is based on the doctrine of *constructive service*, first
announced by Lord Ellenborough in *Gandell v. Pontigny*,
4 Camp. 375. The decisions in Alabama, Georgia, Missis-
sippi, Wisconsin, Minnesota, and possibly one or two other
states, follow this rule. On the other hand, the doctrine of
*Gandell v. Pontigny* is no longer the law in England where
it had its origin (*Archard v. Hornor*, 3 Car. & Payne 349;
*Smith v. Haward*, 7 Ad. & Ell. 544; *Aspdin v. Austin,* 5
T. B. 671; *Fewings v. Tisdal*, 1 Exch. 295; *Elderton v.
Emmens*, 6 Com. Bench 160, 60 E. C. L. 158; *Goodman v.
Pocock*, 15 Q. B. 576), and has been repudiated by the
great mass of the authorities in this country. *Moody v.
Leverich*, 4 Daly (N. Y.) 401; *Howard v. Daly*, 61 N. Y.
362, 19 Am. Rep. 285; *Keedy v. Long*, 71 Md. 385, 18 Atl.
704, 5 L. R. A. 759; *James v. Allen Co.*, 44 Ohio St. 226,
6 N. E. 246, 58 Am. Rep. 821; *Richardson v. Eagle Machine
Works*, 78 Ind. 422, 41 Am. Rep. 584; *Olmstead v. Bach*,
78 Md. 132, 27 Atl. 501, 44 Am. St. 273; *Alie v. Nadeau*,
93 Me. 282, 44 Atl. 891, 74 Am. St. 346; *Booge v. Pacific
Railroad*, 33 Mo. 212; *Cutter v. Gillette*, 163 Mass. 95, 39
N. E. 1010; 20 Am. & Eng. Ency. Law (2d ed.), p. 41.

In discussing the doctrine of constructive service in *How-
ard v. Daly*, *supra*, the court said:

"This doctrine is, however, so opposed to principle, so
clearly hostile to the great mass of the authorities, and so
wholly irreconcilable to that great and beneficent rule of
law, that a person discharged from service must not remain
idle, but must accept employment elsewhere if offered, that
we cannot accept it. If a person discharged from service
may recover wages, or treat the contract as still subsisting,

then he must remain idle in order to be always ready to
perform the service.  How absurd it would be that one rule
of law should call upon him to accept other employment,
while another rule required him to remain idle in order that
he may recover full wages.  The doctrine of 'constructive
service' is not only at war with principle, but with the rules
of political economy, as it encourages idleness and gives
compensation to men who fold their arms and decline service,
equal to those who perform with willing hands their stipu-
lated amount of labor.  Though the master has committed
a wrong, the servant is not for one moment released from
the rule that he should labor; and no rule can be sound
which gives him full wages while living in voluntary idle-
ness.  For these reasons, if the plaintiff was discharged after
the time of service commenced, she had an immediate cause
of action for damages, which were *prima facie* a sum equal
to the stipulated amount, unless the defendant should give
evidence in mitigation of damages."

In *Olmstead v. Bach, supra*, the court said:

"Salary as salary, definitely fixed and agreed to, and not
a sum of money as unliquidated damages for a broken con-
tract of hiring, is what is sued for under the declaration in
the case at bar.  It is a suit to recover *wages*, though no
services have been rendered at all, and, if maintainable in
that form, would preclude the defendants from showing by
evidence that the plaintiff could have secured other similar
employment during the time covered by the contract; be-
cause, if wages, distinctively as wages, can be recovered under
such conditions instead of damages for a wrongful discharge
or dismissal, they must be recovered as specific, ascertained
debts, the amount of which is fixed by the contract, and is
in no way subject to abatement by circumstances which
would reduce the damages in a suit founded on a refusal by
the defendant to allow the plaintiff to perform his part of
an indivisible contract of hiring.  In other words, if under
such a contract the plaintiff is entitled to recover wages as
wages upon the mere offer to perform, he must be entitled
to recover just precisely the wages named in the contract,
even though he might have obtained other work of the same
kind at the same price during the period for which he claims

his wages under the contract. This would be recovering for constructive services. That doctrine has been altogether repudiated both in England and in this country."

We deem it unnecessary, to review at length the authorities cited by the appellant. The cases cited from Alabama, Georgia, and Wisconsin sustain him. *McEvoy v. Bock*, 37 Minn. 402, 34 N. W. 740, was an action to recover an installment due under a contract of employment, but the contract itself had never been abrogated. However, in the later case of *McMullan v. Dickenson Co.*, 60 Minn. 156, 62 N. W. 120, 51 Am. St. 511, 27 L. R. A. 409, while rejecting the doctrine of constructive service as false and illogical, the court yet held that successive actions might be maintained by the discharged employee, so that the decisions of that state probably sustain the appellant. *Badger v. Titcomb*, 15 Pick. 409; *Stifel v. Lynch*, 7 Mo. App. 326; *Kerr v. Simmons*, 9 Mo. App. 376; and *Crouse v. Holman*, 19 Ind. 30, were not actions for breach of contracts of employment, and, as we have shown, the decisions in these states are adverse to the appellant. *Cutter v. Gillette; Booge v. Pacific Railroad* and *Richardson v. Eagle Machine Works, supra.* In *Cutter v. Gillette*, the court said:

"The plaintiff's cause of action accrued when he was wrongfully discharged. His suit is not for wages, but for damages for the breach of his contract by the defendant. For this breach he can have but one action."

The cases cited from the New York and English courts have been overruled. See *Howard v. Daly, supra*. The only point decided in *Howay v. Going-Northrup Co.*, 24 Wash. 88, 64 Pac. 135, 85 Am. St. 942, was that where an action is commenced during the term of service and the trial does not take place until after the expiration of the term of service, the plaintiff is entitled to recover the same damages that he would have been entitled to had the action been commenced after the expiration of the term. Indeed that was an

action to recover damages for breach of contract of employment, not to recover wages never earned. On principal as well as on authority we are of opinion that the position assumed by the appellant is unsound. There was but one contract of employment, there was but one breach of that contract, and in the nature of things there should be but one action and one recovery for that breach. The former recovery, therefore, whether for damages *eo nomine*, or for constructive service after the discharge of the appellant, is a bar to the present action.

The judgment of the court below is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.