[No. 13146.   Department Two.   March 24, 1916.]

L. R. Fifer, *as Fifer Lumber Company, Respondent,* v.
Lynden Lumber Company, *Appellant.*[1]

Pleading—Amendments—Surprise.   Surprise is not a valid objection to the allowance of a trial amendment to the complaint, in the absence of a motion for a continuance.

Same—Amendment—Complaint—Departure.   Upon a complaint for breach of implied warranty of a car of lumber, in that it was not "out of kiln dried lumber and not rough or torn grain or fuzzy," it is not a departure to amend by alleging further that it had knot holes, pitchy pockets, seams, streaks, and checks, and other defects violating the warranty.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered May 10, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Bixby & Nightingale,* for appellant.
*Walter Metzenbaum,* for respondent.

Bausman, J.—The amended complaint alleged that defendant had sold plaintiff a car of lumber of the class "known in the lumber industry of the United States as moulding and No. 2 and better base boards," which car load plaintiff purchased without personal inspection, and as defendant well knew, for resale to an eastern consignee.   Moulding and No. 2 and better base boards meant in the trade, he alleged, "out of kiln dried lumber and not rough or torn grain or fuzzy."   These qualities were alleged to have been violated in the shipment.

During the trial, the court, over defendant's objection, permitted by further amendment the allegation to read that the shipment, besides being rough, torn, not kiln dried or smooth, had knot holes, pitchy pockets, seams, streaks, and shakes, was tied with tarred strings, was in part of narrower widths

[1]Reported in 156 Pac. 1.

than those required, of a grain torn and loosened, and not suitable for its intended purposes.

To complain of this change, in so far as surprise could be made a ground, defendant must have moved for a continuance, which it did not do. *Smith v. Michigan Lumber Co.,* 43 Wash. 402, 86 Pac. 652; *Ryder-Gougar Co. v. Garretson,* 53 Wash. 71, 101 Pac. 498, 132 Am. St. 1053. In consequence, all that it can urge now is that the change was so far beyond the scope of the pleadings as to be a radical departure. This last we are clear it was not. Most of it was repetition of previous allegations, much only evidentiary, and the rest at worst something closely allied to the original grievances. Those grievances arose in the sale of the lumber. These added features are but additional breaches of implied warranty, mere increase of the number of controversies springing from one sale. To allow such a change was within the lower court's discretion, subject, of course, to the defendant's rights if surprised.

This is the only assignment of error which seems to raise a question for our serious consideration.

Judgment affirmed.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.