[No. 14227.  Department Two.  March 2, 1918.]

VICTOR HANSEN, *Respondent,* v. CHARLES LEMLEY,
*Appellant.*[1]

PLEADING—AMENDMENT—DEPARTURE.  Under a complaint alleging
that plaintiff performed work and labor for defendant, under an un-
fulfilled contract of partnership, for which he was entitled to com-
pensation, it is not a departure that a trial amendment set up work
done at the special instance and request of the defendant, as the
allegation as to an unfulfilled partnership was only matter of in-
ducement or anticipatory of a defense.

NEW TRIAL — GROUNDS — MISCONDUCT.  Misconduct warranting a
new trial is not shown by the fact that two women jurors, referring
to appellant's attorney, confided to each other that they "just hated
that lawyer with a mustache," where no prejudice was shown.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered January 18,
1917, upon the verdict of a jury rendered in favor of
the plaintiff, in an action on contract.  Affirmed.

*E. L. Turner,* for appellant.

*George W. Louttit,* for respondent.

CHADWICK, J.—Plaintiff brought this action to re-
cover money alleged to be due upon an implied con-
tract to pay for work and labor.  In his original com-
plaint, he alleged, that, on or about the 28th day of Oc-
tober, 1915, the defendant, with knowledge that plain-

[1]Reported in 171 Pac. 255.

tiff was a minor, informed him that, if he would come and work in the garage, repair shop and automobile agency defendant then owned, defendant would take him in as a partner; that plaintiff began work, and worked for 225 days, averaging more than twelve hours per day; that, altogether, defendant paid plaintiff the sum of $45, at times claiming they were partners, then again claiming they were not; that plaintiff never understood just what his relations with defendant were; that plaintiff was unable to get any settlement from defendant; that, on July 20, 1916, plaintiff personally served a notice on defendant to the effect that any agreements between plaintiff and defendant regarding a partnership were rescinded and voided, and demanding payment from defendant for the work performed at the rate of thirty cents per hour, less the sum of $45; that plaintiff's services were reasonably worth thirty cents per hour; that the plaintiff had worked 2,700 hours, and that the total sum due and owing to plaintiff was $765, after crediting defendant with the sum of $45 above referred to; and that defendant had failed and neglected to pay the same.

A demurrer was overruled. Defendant answered, denying all the material allegations of the complaint, and "admitting" that plaintiff had worked as a partner. An affirmative answer was set up. This was waived at the trial.

After plaintiff's first witness had been called to testify, defendant objected to the introduction of further testimony on the ground that the complaint did not state facts sufficient to constitute a cause of action, and moved for judgment on the pleadings. Thereupon, over defendant's objection, plaintiff asked and obtained leave to file an amended complaint. Briefly stated, the amended complaint alleged that, from October 28, 1915, to June 9, 1916, the plaintiff worked

2,700 hours for defendant at defendant's special instance and request; that plaintiff's services were reasonably worth thirty cents per hour; that defendant has paid plaintiff the sum of $45, leaving a balance due of $765, no part of which sum has been paid.

Defendant did not ask for a continuance, but made oral answer denying all the material allegations of plaintiff's complaint, except the payment of the sum of $45, which defendant alleged was paid by the partnership existing between plaintiff and defendant. Plaintiff replied, denying that the sum of $45 was paid by the partnership. The trial resulted in a verdict in favor of the plaintiff for the sum of $550, upon which judgment was entered.

All assignments of error going to the merits of the case are based on the contention that the cause of action set forth in the amended complaint is a departure from the original complaint. Granting, but without holding, that a departure can be created by the amendment of a complaint, we think there is no departure. *Van Behren v. Rettkowski*, 37 Wash. 247, 79 Pac. 787; *Cummings v. Weir*, 37 Wash. 42, 79 Pac. 487; *Oldfield v. Angeles Brewing & Malting Co.*, 72 Wash. 168, 129 Pac. 1098. The original complaint stated a cause of action. It was drawn upon the theory that plaintiff had performed work and labor for the defendant for which he was entitled to be compensated. The allegation of an unfulfilled contract of partnership was at best only a matter of inducement, or, possibly, anticipatory of a defense. It might have been stricken on motion. The amended complaint alleges that plaintiff performed work and labor for the defendant at his special instance and request. Clearly, then, there is no inconsistency, for in both complaints plaintiff is seeking a recovery, not on any express contract of partnership, or otherwise, but on the implied contract that

arises when one person performs work and labor for another at the other's request.

It is assigned that the case should be retried because of the misconduct of "two woman jurors." Their fault is detailed by two men who were witnesses for the defendant. They make affidavits in the same language.

"That upon adjournment of court at the noon hour affiant in company with . . . another witness in said cause, were overtaken and passed upon the street leading from the court-house to the down town district of Everett, by two of the women jurors who sat in said trial and who were seated in the upper tier of seats in the jury box. That when said jurors passed affiant he heard the following colloquy between them. One of them said to the other, 'I just hate that lawyer with the mustache,' to which the other replied that 'she did too.' That the lawyer referred to was E. L. Turner, the attorney for the defendant in the above entitled cause and could be no other for the reason that said Turner was the only attorney engaged in the trial who wore a mustache."

Counsel insists "that these [affidavits] speak for themselves and certainly show prejudice and misconduct on the part of two members of the jury, which we fully believe warrant the granting of a new trial." Although the fault of the "two woman jurors" may seem grievous to appellant, and well calculated to incite counsel to a just resentment, we cannot make ourselves believe that a showing of prejudice, of which the law will take notice, has been made out. No authorities are cited in support of this assignment of error, nor have we looked for any, depending entirely on the self-evident proposition that, where there are no books of authority, it is always safe to turn the leaves of human experience.

It is not made clear whether the "two woman jurors" were voicing a malice toward counsel for appellant

and made reference to his mustache as a mark of identification, or were only innocently voicing the age old prejudice against the hirsute adornment of the face which some of the sex have nursed ever since the days of Delilah. Then, again, we can almost take judicial notice of the fact that the present generation is extravagant of speech. Terms in young ladies' seminaries, and even college careers, have sometimes netted no more in the way of a vocabulary or in the power of expression than "I just hate," "I just love," "It is perfectly grand," "It is perfectly lovely," or "perfectly terrible"—terms applied without reference to real emotion and to things animate and inanimate, from marshmallows to men, and from breakfast foods to works of art.

If we were justified in relying upon our observations of human nature, we would question that part of the affidavits wherein it is alleged that the "other disciple" of the court assented, saying "she did too," for it is more likely that she manifested her approbation with the more familiar words, "I should say."

No prejudice is reflected in the verdict. Prejudice against client or counsel is a thing to be inquired into on *voir dire*, and we cannot think that the fair jurors would "hate" counsel to the extent, at least, of penalizing his client for a cause so trivial and harmless, and for a condition so easily removed.

Affirmed.

ELLIS, C. J., MOUNT, MORRIS, and HOLCOMB, JJ., concur.