[No. 18468.   Department One.   May 9, 1924.]

JAY I. CASE, *Respondent*, v. F. E. KNIGHT, *Appellant*.[1]

PLEADING (112)—AMENDMENT—DEPARTURE.   In an action by a discharged servant to recover wages for the balance of the term, it is not prejudicial error to allow a trial amendment changing the theory of the action to one for damages, where the same amount was asked and no surprise was claimed.

JUDGMENT (215-1, 219)—RES JUDICATA—MERGER OR BAR—DISTINCT CAUSES OF ACTION.   Where a discharged servant became a trespasser by refusing to surrender the employer's dwelling, occupied by him, and was dispossessed, the judgment ousting him is not *res judicata* or a bar to his action for damages from the wrongful discharge; since he was not bound to offset or counterclaim for the same in the possessory action; especially where the judgment was expressly without prejudice thereto.

INTEREST (7)—UNLIQUIDATED CLAIMS.   In an action by a discharged servant to recover unliquidated damages therefor, interest should be allowed only from the date of the rendition of the judgment.

Appeal from a judgment of the superior court for Clallam county, Smith, J., entered June 28, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court.   Affirmed in part and reversed in part.

*U. D. Gnagey,* for appellant.

*Tom W. Holman* and *John F. Garvin,* for respondent.

PARKER, J.—As alleged in his complaint as originally filed in this action, the plaintiff, Case, sought recovery from the defendant, Knight, upon the theory that there was a balance due him for services rendered in pursuance of an employment contract entered into between them.   When the case came on for trial in the superior court for Clallam county, the plaintiff asked, and was

[1]Reported in 225 Pac. 645.

by the court granted leave, to amend his complaint by alleging in substance that he was damaged by the defendant's breach of the employment contract; the allegations as to the making of the contract, its breach by the defendant and the amount sought to be recovered remaining unchanged in the complaint. Treating the complaint so amended as traversed by the answer, the trial proceeded before the court sitting without a jury, and resulted in findings and judgment awarding to the plaintiff recovery substantially as prayed for, from which the defendant has appealed to this court.

On April 12, 1920, these parties entered into a contract of employment by the terms of which respondent was to go upon appellant's grain and dairy farm in Jefferson county and operate it for him for a period of one year from that date. Respondent was to receive as compensation therefor a stated salary of $130 per month and a stated portion of the poultry products of the farm, and also have the privilege during his employment to occupy with his family the dwelling house upon the farm. Respondent immediately moved with his family into the dwelling house and entered upon his employment. This employment continued until about October 9, 1920; the agreed salary being paid at the end of each month. At that time appellant notified respondent that his employment was at an end, and demanded that he move off the place; this notice and demand, as claimed by respondent, being without just cause. Respondent did not then move off the place, but continued to live there with his family, and also continued to care for the place and the stock thereon in such manner as that season of the year ordinarily requires. While appellant seems to have continued to insist on respondent moving, he also seems to have in some measure acquiesced in respondent's care of the

farm and the stock thereon after giving the notice and making the demand as above noticed. However, about January, 1921, appellant commenced an action in the superior court for Jefferson county, seeking recovery of possession of the place from respondent and his wife. That action resulted in a judgment as prayed for, including one dollar damages against respondent and wife for detaining possession of the place. Execution was issued thereon, under which the sheriff of that county restored full possession of the place to appellant on February 14, 1921. That action manifestly was a purely possessory action accompanied by the incidental claim of damages for the detention of the place. The judgment rendered therein concludes with this language:

"This judgment is without prejudice to the rights of defendants to sue the plaintiff for any amount that may be due from plaintiff to them."

The present action was commenced in November, 1921, which, it is to be noticed, was several months after the expiration of the year of employment agreed upon in the contract between the parties.

It is first contended in behalf of appellant that the trial court erred to his prejudice in permitting respondent's complaint to be amended at the beginning of the trial, changing the theory of his claim of recovery from contract to damages. This amendment was asked for by respondent manifestly because of the decision in *Carmean v. North American Transp. & Trad. Co.*, 45 Wash. 446, 88 Pac. 834, 112 Am St. 930, 13 Ann. Cas. 110, 8 L. R. A. (N. S.) 595, wherein this court repudiated the doctrine of constructive service and held in substance that the only proper remedy available to an employee upon the breach of his employment contract by discharge is one of damages

against his employer, and not upon the contract for wages for the unexpired term following his discharge. No claim of surprise was made in behalf of appellant, nor was there any application made in behalf of appellant for further time to meet the allegations of the complaint as so amended, nor was any new fact alleged in the complaint upon which recovery was sought. Indeed, the new allegation was little else than a notice to appellant that respondent would seek recovery upon the same facts, but upon a different theory. We are quite clear that the allowance of this amendment was not prejudicial error. Section 303, Rem. Comp. Stat.; *Barnes v. Packwood,* 10 Wash. 50, 38 Pac. 857; *Daly v. Everett Pulp & Paper Co.,* 31 Wash. 252, 71 Pac. 1014; *Cummings v. Weir,* 37 Wash. 42, 79 Pac. 487; *Fifer v. Lynden Lumber Co.,* 90 Wash. 373, 156 Pac. 1; *Hansen v. Lemley,* 100 Wash. 444, 171 Pac. 255.

It is next contended that the judgment rendered in the possessory action became *res judicata* of respondent's claimed right of recovery in this action. We cannot agree with this contention. It seems to be elementary law that:

"Upon his discharge, a servant must leave peaceably, whether or not the discharge was rightful and vacate the house or premises occupied by him as servant. If he fails to leave peaceably or after doing so returns, he becomes a trespasser, and may be ejected by the master, although his wages may not all have been paid." 26 Cyc. 996.

This at once renders it plain that whatever damages respondent may have suffered by his discharge from his employment under the contract would have been no defense whatever to appellant's claim of right to be re-possessed of the place; it being plain, as we think, that the contract was nothing more than a contract of employment between master and servant. Nor do we

think respondent was obliged to set up in that action his claim of damages resulting from his discharge from his employment as an offset or counterclaim to the claim of damages made by appellant incidental to respondent withholding possession of the place after respondent's discharge by appellant. Besides, the question of respondent's right of recovery of damages because of his discharge, it seems to us, was in effect plainly reserved from adjudication by the language of the possessory judgment above quoted. It is argued that the language of the judgment in this respect is too general to make it certainly applicable to the claim here made by respondent, but we think, in view of all the circumstances attending this controversy, that language could have meant nothing else. The following of our decisions lend support to our conclusions upon this branch of the case; both as to the necessity of respondent setting up in the possessory action this claim of damage as a defense to the claim of appellant's damage for detention of the place, and also as to the language of that judgment saving the question here involved. *Buddress v. Schafer,* 12 Wash. 310, 41 Pac. 43; *Jones v. Seattle,* 23 Wash. 753, 63 Pac. 553; *Diamond Ice & Storage Co. v. Klock Produce Co.,* 103 Wash. 369, 174 Pac. 435, 8 A. L. R. 685.

It is further contended in behalf of appellant that the judgment as to its amount is not supported by the evidence, more particularly in that respondent has not shown that he could not have obtained employment elsewhere and received compensation therefor in mitigation of the damages he here seeks to recover. This is a question of fact as to which we think the evidence preponderates in favor of respondent.

It is finally contended in behalf of appellant that the court erred to his prejudice in allowing interest

upon respondent's claim prior to the rendering of the judgment. The findings of fact and the judgment here appealed from were made and rendered on June 21, 1922, awarding respondent recovery in the principal sum of $712.65, together with interest thereon prior to that date amounting to $47.06; that is, from April 21, 1921, the date of the expiration of the agreed employment. In view of the fact that this became and was tried as an action for unliquidated damages, we think this contention of appellant must be sustained under our holdings in *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837, and *Powelson v. Seattle,* 87 Wash. 617, 152 Pac. 329.

Our conclusion is that the judgment appealed from must be affirmed in so far as it awards respondent recovery for the principal sum of $712.65, to draw interest from June 21, 1922, the date of its rendering; and that the judgment must be reversed in so far as it awards respondent recovery for interest in the sum of $47.06 before the date of its rendering. It is so ordered. The judgment thus being affirmed in part and reversed in part, in the exercise of our discretion under § 1744, Rem. Comp. Stat. [P. C. § 7329], we conclude that neither party shall recover any costs against the other incurred incident to this appeal. The superior court is directed to correct its judgment accordingly.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.