[No. 18688.   Department Two.   October 6, 1924.]

## L. C. NOURSE et al., Appellants, v. RICHARD KLEIN et al., Respondents.[1]

EXCHANGE OF PROPERTY (3)—RESCISSION—ACTIONS—PARTIES—RIGHTS OF SUBSEQUENT PURCHASERS. It is proper to treat an action for the rescission of an exchange of properties as one for damages for fraud, and to deny rescission, where it appears that, after the trade, the property had changed hands several times and rescission could not be decreed on account of lack of necessary parties, who were presumptively bona fide purchasers, no move to bring in the necessary parties having been made.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 1, 1923, upon findings favorable to the defendants, in an action for rescission, tried to the court. Affirmed.

*H. W. Holmes (G. M. LeCocq,* of counsel), for appellants.

*R. J. Faussett (Oliver Anderson* and *Clarence J. Coleman,* of counsel), for respondents.

FULLERTON, J.—In the early part of the year 1921, the appellants, Nourse, owned certain real property

[1]Reported in 229 Pac. 4.

situated in the city of Everett, in this state, on which
there was a building used as a hotel. The respondents,
Klein and Bethel, at the same time owned certain farm
lands situated in Douglas county, Oregon. The title to
this last mentioned property stood in the name of
Klein, although he seems to have held it as security
for an indebtedness owing to him by Bethel. On May
10th of the year named, the parties made an exchange
of their properties; L. C. Nourse conducting the nego-
tiations on the part of himself and wife, and Bethel
conducting them on the part of himself and Klein.

Some time after the negotiations had been completed
and deeds had passed between the parties, the appel-
lants conceived that they had been defrauded by the
transaction, and brought the present action to recover
therefor. The action was tried by the court sitting
without a jury. The court treated the action as one
sounding in damages, found from the evidence that the
only actionable misrepresentation proven related to
the location of a paved highway passing through the
premises taken in exchange by the appellants, and
that as to this the evidence was not sufficient to show
the amount of the damages suffered thereby. The
court thereupon entered a judgment in favor of the ap-
pellants for nominal damages. It is from this judg-
ment that the present appeal is prosecuted.

In their complaint the appellants, after alleging the
exchange of properties and that they had been induced
to make the exchange by the false and fraudulent rep-
resentations of the respondents, further alleged that,
subsequent to the time the respondents had received
the deed to the Everett property, they had transferred
it to other parties. They then alleged that, by reason
of the fraud practiced upon them by the respondents,

they had been damaged in the sum of $11,500. The prayer of the complaint was as follows:

"Wherefore plaintiffs pray judgment against the defendants for the sum of Eleven thousand five hundred ($11,500) dollars, costs and disbursements of this action, and such further and different relief as to the court seems just in the premises."

On the trial the appellant L. C. Nourse testified that the property "had been transferred several times" since the respondents acquired a deed to it, and that neither the Kleins nor Bethel any "longer owned it." Testimony to the same effect was also given by one of the respondents.

The appellants first complain that the trial court erred in refusing to treat the complaint as one for rescission, and erred in refusing to enter a decree rescinding the sale and cancelling the deed executed by them to the respondent Klein. But it is not our opinion that the court erred in these respects. Conceding that the complaint and the evidence were sufficient to warrant the relief of rescission as between the parties to the action, it was not error to refuse to grant such relief, because of want of necessary parties. As we have stated, it appeared from the complaint and from the evidence introduced at the trial that the appellants' grantees had conveyed the property to third persons and no longer had any interest in it. These purchasers were necessary parties to any suit for a rescission. They could be *bona fide* purchasers and have an indefeasible title to the property, even though the title of their grantors was voidable because procured by fraud. It would depend upon the question whether they were participants in the fraud, or whether they took title in aid of, or with knowledge of, the fraud. Contrary to the contentions of the appellants, there is

no presumption that they were not purchasers in good faith. The presumption is the other way. Such a presumption always attends ordinary business transactions, and he who asserts that a particular transaction is not such, has the burden of alleging and proving it. The deed from the appellants to the respondents was a necessary link in the chain of title of these purchasers, and they have the right to have it stand unimpeached until they have an opportunity to defend it. To set it aside, even as between the immediate parties thereto, would cast a cloud upon their title, which, however unfounded, would destroy its marketability, and would compel them to resort to some form of procedure to have it removed. It is not the policy of the courts to enter a decree which would have such an effect without having the parties to be injuriously affected by it before them. Moreover, it is plain that the court could not in this proceeding enter an effective or conclusive decree, a decree that would enable the appellants to have a return of the property they seek to recover. The question would still remain whether the subsequent purchasers were purchasers in good faith and without notice; and, if such purchaser did not voluntarily surrender the property, a further proceeding must be had before the decree entered herein could in any manner avail the claimants. To allow this suit to proceed to a decree in its present situation would be to try the suit by piecemeal, and, whatever may be the rule in other jurisdictions, this court has heretofore construed our practice act as forbidding such a course. *Carmean v. North American Transp. & Trad. Co.*, 45 Wash. 446, 88 Pac. 834, 122 Am. St. 930, 13 Ann. Cas. 110, 8 L. R. A. (N. S.) 595; *Collins v. Gleason*, 47 Wash. 62, 91 Pac. 566, 125 Am. St. 891; *Collins v. Gleason*, 47 Wash. 69, 91 Pac. 568; *Brice v. Starr*, 90 Wash. 369, 156 Pac. 12.

The appellants rest their case on the record as made. They did not ask in the court below for leave to amend their complaint and bring in additional parties. The sole question on this branch of the case presented here is, therefore, whether the court erred in refusing to grant a decree of rescission. For want of proper parties necessary to a conclusive decree, we hold that it did not so err.

There is no serious contention on the part of the appellants that the court erred in its judgment, treating the action as one sounding in damages. Indeed, their counsel say that they did not specially attempt to prove their damage claim; that they put in such proof as they did put in on the question of damages for the purpose of showing that the relief they sought was not without merit.

The judgment is affirmed.

MAIN, C. J., BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.