[No. 24551. Department One. January 4, 1934.]

EDWARD T. CARPENTER, *Respondent*, v. NINA GOOLEY *et al., Appellants.*[1]

*Black & Rucker, Chas. A. Turner, Gordon D. Eveland,* and *Earl W. Husted,* for appellants.

*Q. A. Kaune,* for respondent.

[1]Reported in 28 P. (2d) 264.

Main, J.—By this action, the plaintiff sought a money judgment. The cause came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendants made a motion for a nonsuit, which was overruled. At the conclusion of all the testimony, this motion was repeated, with a like result. The cause was submitted to the jury, and a verdict returned in favor of the plaintiff in the sum of $294. The motion for new trial being overruled, the defendants appealed from the judgment entered upon the verdict.

The facts essential to be stated are these: Edward T. Carpenter, the respondent, and Ada Gooley, who will be referred to as Ada Carpenter or Mrs. Carpenter, owned property in the city of Everett. Sometime during the year 1930, the respondent brought an action for partition of the property which stood in his and Mrs. Carpenter's names. At this time, Mrs. Carpenter was in Australia. Two of her sons and their respective wives employed the appellant Charles A. Turner, a lawyer practicing in the city of Everett, to represent Mrs. Carpenter in the action. He appeared in the action and succeeded in having it postponed until Mrs. Carpenter could return to the city of Everett, which she did about March 1, 1931. After her return, she ratified the employment of Mr. Turner.

The property was encumbered by a mortgage, some of the payments of which were delinquent, and there were some taxes due and unpaid. Negotiations were entered upon to dispose of the property, and were continued until May 23, 1931, when the property was sold to Nina Gooley, the wife of one of Mrs. Carpenter's sons.

The controversy in this case is largely over what was the agreed purchase price. The appellants and their witnesses say that it was $750. The respondent

and his witnesses say that it was $1,500, $750 to go to him and the other $750 to go to Mrs. Carpenter.

May 23, 1931, which was a Saturday, Mrs. Carpenter and Mrs. Gooley went to Mr. Turner's office, and there Mrs. Carpenter signed the necessary papers to begin an action against Mr. Carpenter and cause a garnishment to be issued. After signing these papers, Mrs. Carpenter and Mrs. Gooley and Mr. Turner went to the office of the attorney for the respondent, who had drawn a deed conveying the property to Mrs. Gooley. This deed was signed shortly before twelve o'clock by Mr. and Mrs. Carpenter, and thereupon delivered. At the time of the delivery, Mrs. Gooley gave a non-negotiable cashier's check to Mr. Carpenter for $750. Immediately after the transaction here was closed and before the check could be cashed, the bank which had issued the check was served with a writ of garnishment. On the following Wednesday, or the twenty-seventh, Mrs. Carpenter and Mrs. Gooley, at Mr. Turner's request, went to his office.

In the meantime, there had been negotiations for settlement which had been consummated. In order to get the matter disposed of, Mr. Carpenter, over the objection of his attorney, agreed to settle the garnishment case for $275. Mr. Turner brought the $275 into his office, and, as Mrs. Carpenter says, figured a little with his pencil and then stated that his fee would be $125 and passed the balance of the money to Mrs. Gooley. Mrs. Carpenter and Mrs. Gooley then went to the bank, and, it being after banking hours, Mrs. Gooley went into the safe deposit vault for the purpose of placing the money in her box therein, while Mrs. Carpenter waited in the corridor. It may be said here that the testimony on the vital matters in this case is directly in conflict, and cannot be reconciled.

Some months later, the respondent, having learned

that no part of the $275 had gone to Mrs. Carpenter, brought this action against Mr. Turner and Mrs. Gooley, the theory of which was that they had entered into a conspiracy to obtain from him the $275 which he was under no obligation to pay. The theory of the appellants was and is that the purchase price of the property was $750, and that the garnishment proceeding was resorted to in order to protect Mrs. Carpenter's interest in the $750 non-negotiable check.

The evidence offered by the respondent, if believed by the jury, and they had a right to believe it, showed that the purchase price of the property was $1,500; that Mr. Carpenter's $750 should be paid in cash; that Mrs. Gooley would give her mother-in-law, Mrs. Carpenter, a home until she could pay her her $750; that Mr. Turner knew that the purchase price was $1,500; that he directed Mrs. Gooley to get the non-negotiable check so that it could not be cashed prior to the time the bank issuing it could be garnished; that both Mrs. Gooley and Mr. Turner knew that Mr. Carpenter thought he was getting $750 for his interest in the property; that Mrs. Carpenter did not authorize Mr. Turner to institute the garnishment proceeding, and did not know that the papers that she signed at the time above mentioned were for that purpose; that Mrs. Carpenter did not know that she had signed a receipt for any portion of the $275; and that the purpose of the garnishment proceeding was to obtain money from the respondent which he did not owe and without legal right, in order that it might be divided between Mr. Turner and Mrs. Gooley. As indicated, the evidence offered by the appellants was unequivocally and directly in conflict with that offered by the respondent.

We see little in this case except a question of fact which was for the jury to determine. The motions for

a nonsuit made at the close of the respondent's evidence, and also at the conclusion of all the evidence, were properly overruled. Clearly, the evidence offered by the respondent made a question for the jury.

It is said that, the respondent having settled the garnishment case, the authority to Mr. Turner to represent Mrs. Carpenter in that proceeding could not be here questioned. No case has been cited, and we know of no case, holding that, where one makes a settlement induced by fraudulent conspiracy and pays money as a result thereof, he cannot recover the same back. As bearing upon whether there was such a conspiracy, the evidence of Mrs. Carpenter that she did not authorize the garnishment proceedings and did not know that they had been instituted was material and was properly admitted. Mr. Carpenter was not bound by the compromise and settlement which, as he says, he made because of his necessitous circumstances and to avoid further expense and litigation.

In support of their motion for a new trial, the appellants say that the trial court was in error in rejecting offered exhibits 4 and 5. These were letters written by Mrs. Carpenter to Mrs. Gooley and her husband sometime during the year 1930, and, as we read them, they have no material bearing on the case and were properly rejected.

The appellants complain of a number of instructions given by the court to the jury and the refusal to give certain requested instructions. None of the instructions given or those requested is set out in the briefs, as required by Rule of Supreme Court VIII, subd. 2, 159 Wash. xliii. *Lund v. Seattle,* 163 Wash. 254, 1 P. (2d) 301; *Drainage District No. 2 v. Everett,* 171 Wash. 471, 18 P. (2d) 53. The material issue of fact was plainly submitted to the jury, and we find no

error either in the instructions given or the refusal to give requests.

It is contended that a new trial should have been granted because of misconduct of one of the jurors, which was to the effect that this juror had said to the other members of the jury that she had a daughter-in-law who was acting practically in the same way that Mrs. Gooley was acting. But even if this was stated to or in the presence of other jurors, it was not such misconduct as to call for the granting of a new trial.

Finally, it is said that the attorney for the respondent was guilty of misconduct during his argument to the jury. Excerpts from the opening argument, and also the closing, of the attorney for the respondent appear in the statement of facts, but no part of the argument of counsel for the appellants. We could not in this case say that anything that appeared in the closing argument was misconduct without knowing what had appeared in the argument of the attorneys for the appellants. The excerpts from the opening argument and the closing did not call for the granting of a new trial.

As already stated, the controlling issue was one of fact upon which the evidence was directly in conflict, and the question was distinctly and clearly submitted to the jury.

The judgment will be affirmed.

STEINERT, MITCHELL, TOLMAN, and MILLARD, JJ., concur.