[No. 225-3.   Division Three.   December 22, 1970.]

WILLIE TATE et al., *Appellants*, v. CECIL E. ROMMEL et al., *Respondents.*

*W. L. Minnick* (of *Minnick, Hahner & Hubbard*), for appellants.

*Wesley A. Nuxoll* (of *Savage & Nuxoll*), for respondents.

GREEN, J.—This is an appeal from an order setting aside a verdict for plaintiff and granting a new trial.

On September 28, 1967, plaintiff, Willie Tate, was employed by defendants Cecil and Roberta Rommel as a farm laborer. He was injured while driving defendants' Jeep pickup. The complaint alleges defendants were negligent in supplying plaintiff with a dangerous and defective vehicle with which to perform his duties. Defendants answered, denying negligence and pleading, as defenses, contributory negligence and assumption of risk. On December 6, 1969, a unanimous verdict was returned for plaintiff.

On December 8, before judgment was entered, defendants moved for new trial. In support of the motion, three affidavits were filed which in essence state on the evening of December 3, 1969, the day the trial commenced, John Cyrus, a juror, was in Bartlow Auto & Implement Co., the Jeep distributor for the Pomeroy area. While there, Cyrus made certain comments concerning the trial, consisting of statements that, "Tate certainly was hurt"; "We [you] should just see him and we [you] would believe that he was hurt"; and "He certainly believed that Rommel should have to pay Tate" because of the injuries. These affidavits also state Cyrus sat behind the steering wheel of a new Jeep pickup, pumped the brake pedal at least a dozen times and commented he understood Jeep pickups had poor brakes. Additional affidavits by the same persons reflect Cyrus had been in the establishment on prior occasions; he sat in new Jeeps and other equipment on the floor; and the brakes on the new Jeeps were in good shape with a free-working brake pedal. There is nothing to show affiants made any comment to Cyrus with respect to his statements or actions or that any discussion occurred between them, except for one who responded, "Do you know he wasn't that way before?"

The affidavit of Cyrus confirmed he had been in the establishment on prior occasions and because there were no chairs in the showroom, he sat in new Jeep pickups as well as other vehicles; the new Jeep brakes were normal and his stepping on the pedal on the instant occasion had nothing to do with the Rommel case; he was not attempting to gather evidence for the trial, had not made up his mind on the case and based his decision on the evidence he heard during the trial. He denied the statements attributed to him.

The jury foreman and three other jurors signed affidavits disclosing at no time during the trial or the deliberations of the jury did Cyrus ever mention the fact he sat in a cab and tried or experimented with the brakes of a new Jeep pickup; there was no discussion in the jury room that Jeep

pickups in general had poor brakes; and further Cyrus said very little during the jury deliberations.

Pursuant to CR 59(f), the trial court entered an order granting a new trial, finding that:

> [J]uror, JOHN W. CYRUS, did in the late afternoon of the first day of a three and one-half day trial, at a time after the jury had been impanelled and sworn to try this cause and after only the opening statements of the attorneys for the respective parties and after some testimony from the defendant CECIL ROMMEL, as an adverse witness only, form and express an opinion and conclusion as to the outcome of this cause, and talk about the case to three persons not members of the jury outside the Courtroom without the knowledge of the parties, or their counsel; that said opinion was a prematurely formed opinion; that the juror, JOHN W. CYRUS, by affidavit denies that he had formed any opinion or conclusion; the Court, however, accepts the affidavits of three disinterested persons —WAYNE McDONOUGH, JACK HAND and ELMER MEISSNER —in reaching its decision that the mental process of JOHN W. CYRUS, as expressed to and heard by Mr. McDONOUGH, Mr. HAND and Mr. MEISSNER, constituted an opinion and conclusion formed by the juror. The court further finds that because of such prematurely formed opinion, said juror was not a fair and impartial juror as contemplated by the Constitution and statutes of this State; that the act, opinion and conclusion of the juror, JOHN W. CYRUS, at said stage of the proceedings constituted a prejudicial misconduct as to the defendants and denied said defendants a fair and impartial trial; that said misconduct vitiates the verdict of the jury and for said reason a New Trial should be granted, . . .

Plaintiff contends the entry of the order was error. While plaintiff accepts the court's finding that Cyrus made the statements attributed to him, it is argued the trial judge erroneously concluded these statements in and of themselves as a matter of law constituted prejudicial misconduct vitiating the verdict.

Our state constitution provides the right of trial by jury shall remain inviolate. Const. art. 1, § 21. A trial by a jury, one or more of whose members is biased or prejudiced, is not a constitutional trial. *Allison v. Department of*

*Labor & Indus.*, 66 Wn.2d 263, 265, 401 P.2d 982 (1965). In applying this rule, the court has, in cases where a juror gave false answers to questions on voir dire that would have revealed bias, granted a new trial without considering whether the misconduct prejudiced or affected the outcome of the trial. *Allison v. Department of Labor & Indus.*, *supra; Alexson v. Pierce County,* 186 Wash. 188, 57 P.2d 318 (1936); *Mathisen v. Norton,* 187 Wash. 240, 60 P.2d 1 (1936); *Heasley v. Nichols,* 38 Wash. 485, 80 P. 769 (1905). *Cf. Nelson v. Placanica,* 33 Wn.2d 523, 206 P.2d 296 (1949); *Grist v. Schoenburg,* 115 Wash. 335, 197 P. 35 (1921). In other cases, however, the court has considered whether a juror's misconduct prejudiced the outcome of a trial. *Gardner v. Malone,* 60 Wn.2d 836, 376 P.2d 651 (1962); *Kellerher v. Porter,* 29 Wn.2d 650, 664, 189 P.2d 223 (1948); *Carpenter v. Gooley,* 176 Wash. 67, 28 P.2d 264 (1934); *Lander v. Shannon,* 148 Wash. 93, 268 P. 145 (1928); *Lyberg v. Holz,* 145 Wash. 316, 259 P. 1087 (1927); *Hansen v. Lemley,* 100 Wash. 444, 171 P. 255 (1918). The prejudicial effect of a juror's statements has been considered even where such statements indicate the juror testified falsely on voir dire. *State v. Parker,* 25 Wash. 405, 65 P. 776 (1901).

In the instant case, the voir dire examination of Cyrus clearly shows no existing bias; it is not claimed false answers were given on voir dire; the statements attributed to Cyrus were based solely upon evidence presented during the trial. The record fails to show any significant response to Cyrus' statements. There was no prejudicial reaction to the statements that would have affected Cyrus' evaluation of the evidence. Consequently, all that exists is a mere revealed opinion of Cyrus based upon evidence received during the first day of trial that Tate was injured and Rommels should pay. In his oral ruling, the trial judge said:

> Now the question is can that one man's prematurely formed opinion, should it effect [*sic*] or did it effect [*sic*] the judgment of the jury? *I don't think the fact that it did or did not effect [sic] the outcome of the case on this particular phase of his action has anything to do with it.*

> Both parties here were completely and totally entitled to have an impartial jury of 12 people hear and determine their case. Here we have one of those 12 who has indicated at the conclusion of only a fragment of the testimony that he has made up his mind. This just violates every conception I have of what a fair and impartial juror or jury should be, and it is on that phase of the matter that I have concluded to grant the new trial.

(Italics ours.) We believe it was error to refuse to consider whether the prematurely formed opinion affected the outcome of the case.

The statements of Cyrus are in violation of the trial court's general instructions to the jury. Sanctions could be imposed against Cyrus for the violation. However, absent a showing that such violation prejudicially affected the outcome of the trial, the verdict should not be disturbed. Common experience indicates a juror, or a judge, may form impressions or opinions as to the outcome of a case as he hears each bit of evidence. These impressions or opinions may change from time to time throughout the case. Such opinions or impressions normally are not revealed, and they should not be revealed, until the case is ready for decision. Here, juror Cyrus revealed his private opinion after the first day of trial. It is not unreasonable to expect that many of the other jurors, had they been questioned during the trial, would have formed some like opinion as to the outcome as did juror Cyrus. If we were to adopt the trial court's conclusion that the mere revealing of his private opinion or impression constitutes such misconduct as to justify a new trial without a further showing that such misconduct prejudiced the outcome of the trial, it would open the door to interrogation of jurors after trial for the purpose of discovering such unrevealed opinions as a basis for the filing of a motion for new trial.

We hold the *mere* revealing of an opinion, as to the ultimate outcome of a trial by an otherwise unbiased juror, before submission of the case to the jury, based upon evidence properly received, while not to be condoned, does

not, standing alone, constitute such misconduct as to justify the granting of a new trial. There must be a further showing that such conduct prejudiced the outcome of the trial. In the instant case, the affidavits fail to disclose prejudice.

Defendants contend the trial court erroneously instructed the jury on the emergency doctrine:

> A person, who is suddenly confronted by an emergency through no negligence of his own and who is compelled to decide instantly how to avoid injury and who makes such a choice as a reasonably careful person placed in such a position might make, is not negligent even though he does not make the wisest choice.

Since an appellate court has authority to affirm on any ground properly raised in a motion for new trial where a new trial has been granted on a specific ground, *Larson v. Seattle*, 25 Wn.2d 291, 171 P.2d 212 (1946), defendants contend the trial court could have properly granted a new trial by reason of this alleged error. The gist of defendants' argument is that the doctrine of emergency does not apply where the peril could have been reasonably anticipated by the person claiming the emergency. Since plaintiff knew of the defective brakes, the road was steep and there would be oncoming traffic, defendants contend the emergency could have been anticipated by the plaintiff; therefore, the instruction should not have been given. This argument overlooks the fact defendants knew the brake cylinder was leaking before plaintiff was hired; plaintiff pointed this out to Mr. Rommel just after he was hired and Rommel said he was going to take it in and get it repaired; Mr. Rommel drove the Jeep into town after he told plaintiff he was going to repair the brakes; and therefore, plaintiff assumed the brakes had been repaired. There was a conflict in the testimony on this point. In these circumstances, it was for the jury to determine under the instruction given whether the emergency was one that resulted from plaintiff's own negligence. There was no error in the giving of the instruction.

Defendants also contend the trial court should have

granted a new trial based upon its refusal to give defendants' requested instruction No. 8. This instruction in essence would have told the jury it could not award damages for injuries resulting from an independent intervening act of the plaintiff, since such act would break the chain of proximate causation and supersede the original negligence. The request for this instruction was based upon evidence that plaintiff pushed the Jeep back onto its wheels from an upside down condition and that such act could have proximately caused the low back injury which he sustained, and further, that plaintiff did not follow medical advice. This theory was adequately covered under the instructions given; it could have been argued to the jury. It was not error to refuse to give the requested instruction. *Simpson Timber Co. v. Ljutic Indus., Inc.,* 1 Wn. App. 631, 641, 463 P.2d 243 (1969).

Accordingly, the order granting a new trial is reversed, with instructions to enter judgment upon the verdict in favor of plaintiff.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied February 3, 1971.

Review denied by Supreme Court March 2, 1971.