# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | NO. 72228-0-I |
| | ) | |
| JONATHAN M. PHILPOTT, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| LINDSEY MAY WRIGHT | ) | |
| (fka PHILPOTT),† | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| RHEA J. ROLFE, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 11, 2015 |
| | ) | |

LEACH, J. — Rhea Rolfe appeals a trial court's CR 11 sanction against her. She challenges the trial court's determination that she filed an amended objection to relocation and request for modification of a parenting plan in bad faith. Because the trial court based its decision on an erroneous view of the law, the trial court abused its discretion when it imposed the sanction. We reverse.

## FACTS

Jonathan Philpott and Lindsey Wright lived with their two children in Florida when they separated in December 2011. Wright moved with the children to Colorado to be near extended family and then in January 2012 to Washington.

_____

† Ms. Wright was the respondent in the trial court action. She is not a party to the appeal.

In May 2012, Philpott planned to visit the children and sent a text to Wright's new partner, a former friend to both Wright and Philpott. Because Wright and her partner interpreted the text as threatening, the visit did not occur. The text also caused Wright to file a petition for protective order in Washington, alleging sexual violence. Washington issued a warrant for Philpott's arrest for cyberstalking and telephone harassment. A Washington court later entered a five-year protective order preventing Philpott from contacting the children or Wright. Philpott did not appeal the order.

Philpott petitioned for divorce in Florida. After a two-day trial, the Florida court granted the divorce, designating Philpott the primary residential parent. The Florida court did not find Wright to be credible, believing she had lied to Washington authorities to obtain the protective order. It considered the arrest warrant in Washington unjustified. Among other factors, it found that Philpott had a stable job and that the children would attend A-rated schools in Florida. The parenting plan required Philpott to give advance notice of an intent to relocate more than 50 miles away.

In June 2013, the children moved to Florida to live with Philpott. Philpott quit his job shortly afterward and then lost his subsequent job. In early August, he moved with the children to Colorado without providing notice to Wright except for asking their daughter to tell her.

On August 29, 2013, Wright filed a petition for modification of the Florida parenting plan in Washington.[1] In her petition, she alleged that Philpott relocated the children without notifying her and prevented her from accessing the children, constituting a substantial change in circumstances. In response to Wright's motion for temporary orders, Philpott argued that the case was a major modification case requiring an adequate cause hearing. A court commissioner determined at an October 17, 2013, hearing on temporary orders that an adequate cause hearing was required and continued the hearing to October 31, 2013, requiring either party to file a motion for adequate cause based on the statutory factors or relocation issues. Philpott filed a response to Wright's petition for modification the next day. Wright moved for revision of the commissioner's order. She also moved for leave to amend her petition for modification to request relief under the child relocation act, RCW 26.09.403 through 26.09.560. Wright scheduled this motion for November 1, 2013, before Judge Robinson, without oral argument.

Philpott filed a motion for a determination of no adequate cause. On October 31, 2013, the commissioner heard arguments on temporary order requests and adequate cause and entered a temporary order placing the children

---

[1] Washington has jurisdiction because the children resided in Washington prior to moving to Florida, resided in Florida for less than six months, and then moved to Colorado with Philpott. Wright still lives in Washington. RCW 26.27.201(1)(a); RCW 26.27.211(1)(b); RCW 26.27.221(2).

with Wright. The commissioner did not rule on adequate cause because Wright's motion to revise was pending before the court.

On December 10, 2013, Judge Robinson denied Wright's motion to permit filing of an amended petition without prejudice, stating, "Ms. [Wright] may renew her motion to amend after her [adequate cause] hearing."

After hearing argument on December 13, 2013, Judge Robinson entered an order finding that "adequate cause for hearing the petition has not been established" and denying Wright's original petition for modification. The court ordered the children to return to Colorado and awarded $5,000 in attorney fees to Philpott based on Wright's intransigence. It also granted Wright's motion to file an amended petition to object to the relocation. Wright then filed her amended objection to relocation and petition for modification with the trial court. In her amended petition she requested a change in the children's primary residence.

The court transferred the case from Judge Palmer Robinson to Judge Ronald Kessler, effective January 13, 2014.

On April 15, 2014, Philpott pleaded guilty to the cyberstalking misdemeanor against Wright and her partner, and the court entered a judgment against him, placing him on probation for 24 months and preventing Philpott from contacting either victim.

At trial before Judge Kessler, Philpott argued that the court lacked authority to change the primary residence of the children while Wright contended that the child relocation act grants courts this authority in a relocation proceeding. Wright argued that new grounds for modification had arisen, namely, Philpott's guilty plea to cyberstalking, particularly since the Florida court had believed Philpott's innocence. Judge Kessler limited the issue before the court to "strictly a relocation," stating that the children would either stay in Colorado or return to Florida.

After considering the relocation factors in RCW 26.09.520, Judge Kessler ordered relocation and a limited modification of the parenting plan. He concluded that Wright did not need to establish adequate cause before the court considered her petition for modification, but the law permitted modifications only to the extent necessary to accommodate the relocation. He modified the parenting plan to require that all communications go through Philpott's parents and Wright's partner, to require that Philpott allow the children to talk privately on the phone, and to prohibit either party from recording phone calls.

In its oral decision, the trial court imposed CR 11 sanctions against Rolfe, holding Rolfe and Wright jointly liable for Philpott's attorney fees. The court's final judgment against Rolfe and Wright awarded Philpott $27,738.56 in attorney fees.

Rolfe appeals.

## STANDARD OF REVIEW

This court reviews a trial court's imposition of CR 11 sanctions for abuse of discretion.[2] A trial court abuses its discretion if its order is manifestly unreasonable or based on untenable grounds or an erroneous view of the law.[3]

## ANALYSIS

This case presents one primary issue: did the trial court abuse its discretion in awarding a judgment against Rolfe under CR 11?

Attorneys and parties who sign and file a pleading, motion, or legal memorandum to the court must comply with CR 11 requirements. These include that the pleading is well grounded in fact and warranted by existing law and that it was not brought to harass, cause unnecessary delay, or increase costs in litigation.[4] The rule's purpose is to deter baseless filings and curb abuses of the judicial system but not to chill enthusiasm or creativity in pursuing factual or legal theories.[5] CR 11 requires that a pleading have a factual and legal basis. When a court finds either is missing, the court must also find that the pleading's author failed to conduct a reasonable inquiry into the pleading's factual and legal basis.[6]

---

[2] Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338-39, 858 P.2d 1054 (1993).
[3] Fisons, 122 Wn.2d at 339.
[4] CR 11.
[5] Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992).
[6] Bryant, 119 Wn.2d at 220.

In its oral ruling, the trial court gave several reasons for imposing CR 11 sanctions. It first found that Wright filed her amended objection to relocation and petition for modification without leave of the court. When Rolfe rose to clarify, the court said, "Sit down. I'm ruling." The trial court also concluded that "the objection was not well grounded in fact and was not warranted by existing law or a good faith argument" to change or establish new law, stating that the law for relocation only permits modification of a parenting plan to accommodate a relocation if one is granted. The trial court found that Rolfe filed the objection with the intent "to harass and cause needless increase in the cost of litigation." Finally, the trial court concluded that Judge Robinson's finding of no adequate cause for Wright's initial petition for modification of the parenting plan foreclosed a request for modification as part of Wright's objection to relocation and concluded that she argued her position on the issue in bad faith. At the end of the trial court's oral ruling, Judge Kessler stated that the parties may not reargue the issues he had decided.

Rolfe challenges several findings and conclusions related to the trial court's CR 11 sanctions against her. We review each in turn to determine if the trial court abused its discretion in sanctioning Rolfe.

Rolfe challenges the trial court's finding that she failed to obtain leave of court to file the amended objection to relocation and petition for modification.

Judge Robinson's order finding that Wright had failed to establish adequate cause for a hearing on her modification petition stated, "Court allows mother to amend her petition to allege objection to relocation." Apparently, as discussed later in this opinion, Judge Kessler appears to have failed to appreciate the legal significance of Judge Robinson's order.

Rolfe next challenges the trial court's conclusion that the child relocation act does not permit a parent objecting to a relocation to include with the objection a request for a major modification of a parenting plan without demonstrating adequate cause.

RCW 26.09.260(6) governs a request for modification made as part of an objection to a petition for relocation:

> The court may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child. The person objecting to the relocation of the child or the relocating person's proposed revised residential schedule may file a petition to modify the parenting plan, including a change of the residence in which the child resides the majority of the time, without a showing of adequate cause other than the proposed relocation itself. A hearing to determine adequate cause for modification shall not be required so long as the request for relocation of the child is being pursued. In making a determination of a modification pursuant to relocation of the child, the court shall first determine whether to permit or restrain the relocation of the child using the procedures and standards provided in RCW 26.09.405 through 26.09.560. Following that determination, the court shall determine what modification pursuant to relocation should be made, if any, to the parenting plan or custody order or visitation order.

The plain language of this statute provides the legal authority for Wright to include in her relocation objection a request for a major modification, including a change in primary residence. In In re Marriage of Raskob,[7] we recently held that under RCW 26.09.260(6) a trial court need not consider if a substantial change in circumstances occurred, other than the relocation itself, and need not consider the factors contained in RCW 26.09.260(2). We concluded that the plain language of "RCW 26.09.260(6), an exception to the requirements of RCW 26.09.260(1), allows a trial court to make a 'major' modification to a parenting plan, including an adjustment to the residential schedule 'pursuant to a proceeding to permit or restrain a relocation of the child.'"[8] And we held that where a trial court made a modification under an objection to relocation, the trial court properly considered if that modification was in the best interests of the child.[9]

Rolfe cites In re Marriage of McDevitt[10] to show that even after a ruling that a party lacked adequate cause for a hearing on a petition to modify a parenting plan, that party may request the same relief in an objection to relocation. In McDevitt, a father unsuccessfully petitioned for a minor modification to the parenting plan, a commissioner denied his petition without

---

[7] 183 Wn. App. 503, 513, 334 P.3d 30 (2014).

[8] Raskob, 183 Wn. App. at 513 (quoting RCW 26.09.260(6)).

[9] Raskob, 183 Wn. App. at 515.

[10] 181 Wn. App. 765, 768, 771, 326 P.3d 865, review denied, 181 Wn.2d 1018 (2014).

prejudice, and the father filed an amended minor modification request.[11] The mother then filed a notice of intent to relocate her children from Hawaii to Colorado. The commissioner found the relocation request but not the father's amended modification request merited a hearing.[12] In response to the relocation request, the father filed a proposed parenting plan allowing him one three-night weekend every other month and one-half of the children's school vacations, including summer break.[13] This far exceeded the permitted scope of a minor modification under the statute.[14] Division Three affirmed the trial court's decision to adopt the father's parenting plan over the mother's objection. It held that the trial court decided the case solely on the basis of relocation under RCW 26.09.260(6) and that the language in that statute "clearly states that the relocation petition itself is a basis for modifying a parenting plan [and] also expressly permits consideration of new parenting plans as a result of a relocation request."[15]

Philpott claims neither Raskob nor McDevitt applies because neither involves a situation where the court had just found a failure to show adequate cause. But McDevitt's facts are analogous to this case, and Philpott cites no authority contrary to Raskob and McDevitt. He asserts that a trial court should

---

[11] McDevitt, 181 Wn. App. at 767.
[12] McDevitt, 181 Wn. App. at 767.
[13] McDevitt, 181 Wn. App. at 767.
[14] RCW 26.09.260(5).
[15] McDevitt, 181 Wn. App. at 771.

apply RCW 26.09.260(2) to RCW 26.09.260(6) and require a court to retain the existing residential schedule unless it is harmful to the child. But subsection (2) clearly references the standards enumerated in subsection (1) that excepts subsection (6) from its provisions.

Further, Rolfe, on behalf of Wright, pointed to facts occurring after the Florida proceedings to show that a change in primary custody was in the best interests of Wright's children. Rolfe specifically cited Philpott's relocation of the children without warning to Wright, not providing Wright access to them, not including Wright in decision-making, and Philpott's guilty plea to cyberstalking. Each of these issues could weigh on a best interest of the child analysis for the purpose of a request for modification under the objection to relocation.

Philpott also argues that Wright waived her ability to object to a relocation because Wright failed to file an objection to relocation with the Florida court where the parenting plan had not yet been filed in Washington. But the Uniform Child Custody Jurisdiction and Enforcement Act, ch. 26.27 RCW, provided Washington jurisdiction because neither the children nor Philpott lived in Florida after Philpott relocated them, the children resided in Florida for less than six months, and Wright lived in Washington.[16] Thus, the act allowed Wright to register the parenting plan and file her request for modification in Washington.

---

[16] RCW 26.27.201(1)(a); RCW 26.27.211(1)(b); RCW 26.27.221(2).

Philpott fails to cite any authority requiring this court to find that Wright waived the right to file her objection to relocation.

Philpott argues that the principle of res judicata prevents the trial court from determining that adequate cause does not exist and then allowing a major modification under the relocation statute. As a threshold requirement to show res judicata bars a claim, the party asserting res judicata must show a final judgment on the merits in a prior suit.[17] But res judicata does not apply where a trial court "'plainly reserve[s] from adjudication'" certain issues.[18] Here, Judge Robinson denied adequate cause but granted Wright's motion to amend, thus reserving the issue.

Philpott also argues that where Wright did not except or assign error to the denial of adequate cause with respect to a major modification, that decision became the law of the case.[19] As we have explained, Wright did not need to establish adequate cause under RCW 26.09.260(6).

Because Rolfe made arguments supported by law and grounded her argument in facts based on the record, she did not file the objection to relocation for the improper purpose to harass and cause needless increase in the cost of

---

[17] Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004).

[18] Cummings v. Guardianship Servs. of Seattle, 128 Wn. App. 742, 754, 110 P.3d 796 (2005) (quoting Case v. Knight, 129 Wash. 570, 574, 225 P. 645 (1924)).

[19] See Cresap v. Pac. Inland Navigation Co., 2 Wn. App. 548, 556-57, 469 P.2d 950, aff'd, 78 Wn.2d 563, 478 P.2d 223 (1970).

litigation, and the trial court abused its discretion when it sanctioned her for this purpose.

Rolfe finally challenges the trial court's determination that she, on behalf of Wright, filed the objection to relocation in bad faith as a means to reargue modification. The trial court concluded that after Judge Robinson found adequate cause did not exist for modification to the parenting plan, Wright could not argue for modification in good faith. He concluded that Wright did not care if Philpott lived in Florida or Colorado with his children but that her purpose involved only reversing the Florida court's decision to make Philpott the primary residential parent.

But Raskob and McDevitt support Rolfe's legal argument, and under the best interest of the child standard, Wright presented facts supporting her request to change the residential schedule. Thus, we hold that the trial court abused its discretion when it found that Rolfe acted in bad faith.

Because the court based its judgment on an erroneous view of the law, we conclude that CR 11 sanctions were improper and reverse the award of attorney fees and judgment against Rolfe.

While we do not need to reach Rolfe's argument that the court denied her an opportunity to be heard when it precluded further argument after issuing CR 11 sanctions, due process requirements under CR 11 require that the court

provide notice to the offending party and an opportunity to be heard.[20]  Where the

trial court announces CR 11 sanctions without providing notice or an opportunity

for an offending party to respond, it fails to provide adequate due process.

## CONCLUSION

Because the trial court based its CR 11 sanctions against Rolfe on an

erroneous view of the law, it abused its discretion.  We reverse the trial court's

finding of a CR 11 violation and the judgment against Rolfe and deny Philpott's

request for attorney fees.

_Leach, J._

WE CONCUR:

---

[20] See Bryant, 119 Wn.2d at 224.