

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 SEP 25 AM 10: 49

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of KYLENE DALIGCON, | ) ) ) | No. 75955-8-I |
| Respondent, | ) ) ) | UNPUBLISHED OPINION |
| and | ) ) | |
| SEAN DALIGCON, | ) ) ) | |
| Appellant. | ) | FILED: September 25, 2017 |

SCHINDLER, J. — In April 2016, Sean Daligcon filed a petition to modify the 2012 parenting plan. A commissioner found Sean[1] did not show adequate cause to modify the parenting plan and dismissed the petition. The superior court denied the motion to revise. Sean appeals. Sean argues he alleged facts that meet the standard for a major or minor modification. Because the record does not support his argument, we affirm.

Kylene Daligcon and Sean Daligcon married and had two children, K.D. and C.D. On December 31, 2012, the court entered a decree of dissolution and a parenting plan. The parenting plan designates Kylene as the residential parent and gives Sean residential time with the children every other weekend, all of winter break in odd years, all of mid-winter break in even years, all of spring break in odd years, and half of the holidays. Kylene and Sean agreed to share decision-making.

---

[1] We refer to the parties by their first names for purposes of clarity.

Kylene and Sean cooperated with each other on parenting after the dissolution in 2012 and spent holidays and special occasions together. Kylene has been in a relationship with Dylan Edgington since May 2012. Sean later married Suzannah Kirk-Daligcon.

In July 2015, Sean filed a declaration on behalf of Dylan in a dispute over residential time with Dylan's daughter. In the declaration, Sean states that Dylan has been a committed caretaker to K.D. and C.D., that Dylan has lived with Kylene and the children on a full-time basis for approximately three years, and that Sean has "never had any concern for the wellbeing of my children." Sean said he had "complete trust" in Kylene and Dylan and their care of K.D. and C.D.

In 2016, Kylene and Dylan decided they wanted to move to Okanogan. Kylene applied for a job in Okanogan and started looking at a house to buy. On April 26, 2016, Kylene filed a notice of intent to relocate with the children to Okanogan. Sean objected to relocation.

On April 29, Sean filed a petition for modification of the parenting plan. Sean alleged a substantial change in circumstances. Sean claimed Dylan exhibited "increasingly uncontrolled anger and rage, and is revealing himself to be a racist." The proposed parenting plan limited Kylene's residential time based on Dylan's physical, sexual, or emotional abuse of a child and conditioned the residential time of Kylene on Dylan not being present. The proposed parenting plan provided the children would reside primarily with Sean except for every other Friday after school or day care until Monday drop-off at school or day care. The proposed parenting plan granted Sean sole decision-making authority. Kylene opposed the petition for modification of the parenting

2

plan and filed a temporary order to relocate to Okanogan. The court denied Kylene's motion for a temporary order to relocate with the children to Okanogan.

After Kylene lost a job offer and the opportunity to buy a house in Okanogan, she decided not to move. Consequently, on June 21, the court entered an order denying the request to relocate. Sean continued to pursue modification of the parenting plan.

On July 13, Sean filed a motion to find adequate cause to modify the parenting plan. A court commissioner found Sean did not show adequate cause and denied the motion to modify. The order states:

> Pursuant to RCW 26.09.260 the respondent has failed to meet the high threshold of proof, more than mere prima facie evidence, that there is adequate cause for his modification petition to go forward. The evidence presented that was not hearsay and inadmissible does not establish that there has been a substantial change in the circumstances of either the children or the nonmoving party.
>
> The evidence does not establish that modifying the parenting plan would be in the children's best interest.
>
> The evidence does not establish that the parenting plan causes any detriment to the children.
>
> The evidence does not establish that the harm caused by this modification would be outweighed by the advantage of the modification.

Sean filed a motion to revise the commissioner decision. The superior court considered the evidence presented, adopted the commissioner's findings, and denied the motion to revise. The court ruled:

> The Court has taken care, as I have gone through the information that's before me and that was before the Commissioner, to carefully apply the hearsay rules and to — just because it's a statement by someone else doesn't necessarily mean it's hearsay. There may be exceptions. And if a child conveys I'm — you know, a present sense impression or an excited utterance or something, there certainly are bases to allow in statements that are out-of-court statements that would otherwise be hearsay if they make an exception.

. . . .

. . . I see this case as Commissioner Hillman saw it. I think he did a good job in articulating the findings.

. . . .

Even if the Court were to take Mr. Daligcon's version of otherwise agreed-to events but with different takes on it — for example, even if the ugly words were spoken, you know, with an expletive and a racial reference or slur in anger, the Court doesn't find that that rises to the level of a substantial change in circumstances and evidence of a detrimental environment harmful to the children.

Even accepting only Sean's version of events, the court found no adequate cause to modify the parenting plan.

These children have — even in Mr. Daligcon's declarations he says in a number of different places, have resided 80 percent of the time since the dissolution with their mother. Eighty percent of the time. That is a great amount of consistency and stability.

. . . .

The pleadings and the declarations and exhibits are really full of reasons that support the denial of adequate cause, understanding that it is a — it is meant to be a high threshold. And that's because children — and in this case, who have since they were 2 years old, 2 and 6 years old are now 6 and 11. Before we let someone go in and open that up to significant change, there needs to be a good reason.

And the law spells it out under [RCW] 26.09.260, and the Court does not find adequate cause for a finding of a substantial change in circumstances of the children or of the mother and such that there's any kind of detrimental environment. And I agree with the decision Commissioner Hillman made. I get to it on my own having reviewed all the materials.

Sean contends the court erred in concluding he did not show adequate cause to proceed with a major or minor modification of the parenting plan. On revision, the superior court reviews de novo the findings of fact and conclusions of law of the commissioner based upon the evidence and issues presented to the commissioner. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). On appeal, we review the decision of the superior court and the court's adoption of the decision of the

commissioner. RCW 2.24.050; Ramer, 151 Wn.2d at 113; Maldonado v. Maldonado, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

We review the determination of adequate cause for abuse of discretion. In re Parentage of Jannot, 149 Wn.2d 123, 126, 65 P.3d 664 (2003). A court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons. In re Marriage of McDevitt, 181 Wn. App. 765, 769, 326 P.3d 865 (2014).

There is a strong presumption against modification. In re Marriage of McDole, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). Modification of a parenting plan is governed by statute. McDevitt, 181 Wn. App. at 769; see RCW 26.09.260. The statute requires evidence of a significant change in circumstances unknown at the time of the original parenting plan. RCW 26.09.260(1); McDevitt, 181 Wn. App. at 769. RCW 26.09.260(1) provides, in pertinent part:

> [T]he court shall not modify a prior custody decree or a parenting plan unless it finds, upon the basis of facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan, that a substantial change has occurred in the circumstances of the child or the nonmoving party and that the modification is in the best interest of the child and is necessary to serve the best interests of the child.

The child has a weighty interest in finality, particularly where the child's living arrangements are at stake. Jannot, 149 Wn.2d at 127-28; In re Marriage of Pape, 139 Wn.2d 694, 709, 989 P.2d 1120 (1999). RCW 26.09.260(2)(c) states the court can modify a parenting plan where "[t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

A party seeking a modification of a parenting plan must submit an affidavit setting forth facts supporting the requested modification. RCW 26.09.270. "The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits." RCW 26.09.270. The petitioner has the burden to show a substantial change of circumstances to establish adequate cause. In re Marriage of Parker, 135 Wn. App. 465, 471, 145 P.3d 383 (2006). Adequate cause means a showing to support a finding on each fact that the movant must prove to modify the parenting plan. In re Custody of E.A.T.W., 168 Wn.2d 335, 347, 227 P.3d 1284 (2010). Adequate cause determinations are fact intensive. Jannot, 149 Wn.2d at 126-27.

Sean requested a major or a minor modification of the 2012 parenting plan, arguing Dylan's anger issues and racist comments constituted a substantial change in circumstances that harmed the children. Sean pointed to a number of examples of Dylan's behavior to support an adequate cause determination.

Sean cites the same examples on appeal and argues the court ignored evidence of these incidents. The record does not support his argument. The record shows the court specifically addressed Sean's concerns and considered the evidence presented in deciding to adopt the decision of the commissioner and deny the motion to revise.

RCW 26.09.260(5) states the court may order a "minor modification" or adjustment to the residential schedule upon showing

> a substantial change in circumstances of either parent or of the child, and without consideration of the factors set forth in subsection (2) of this section, if the proposed modification is only a minor modification in the residential schedule that does not change the residence the child is scheduled to reside in the majority of the time and:
> (a) Does not exceed twenty-four full days in a calendar year; or
> (b) Is based on a change of residence of the parent with whom the child does not reside the majority of the time or an involuntary change in

work schedule by a parent which makes the residential schedule in the parenting plan impractical to follow; or

(c) Does not result in a schedule that exceeds ninety overnights per year in total, if the court finds that, at the time the petition for modification is filed, the decree of dissolution or parenting plan does not provide reasonable time with the parent with whom the child does not reside a majority of the time, and further, the court finds that it is in the best interests of the child to increase residential time with the parent in excess of the residential time period.

Because the parenting plan Sean proposed does not meet the requirements for a minor modification of the 2012 parenting plan residential schedule, the court did not abuse its discretion in denying the request for a minor modification.

We affirm denial of the request to modify the 2012 parenting plan.[2]

WE CONCUR:

---

[2] We deny Kylene's request for attorney fees under RAP 18.9(a).