IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 35067-3-III |
| | ) | |
| ANN MONOSKIE n/k/a Anne Marshall, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| PHILLIP C. MONOSKIE, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — The trial court approved relocation notices filed by former spouses Anne Monoskie (n/k/a Anne Marshall) and Phillip Monoskie. As part of the relocation process, the court declined to modify the parties' existing residential placement schedule, explaining it lacked broad authority to change the pre-existing placement designations. Ms. Marshall appeals, contending the trial court misunderstood its modification authority. We disagree and affirm.

FACTS

The parenting plan agreed to by Anne Marshall and Phillip Monoskie in 2013 split up the couple's five children. Ms. Marshall moved to South Carolina with two of the

children, Mr. Monoskie stayed in Spokane with two of the children, and the youngest

child spent six months of each year with one parent. The parenting plan reserved the right

to return to court, without a showing of adequate cause, for placement of the parties'

youngest child once the child reached school age.

In 2015, both parents filed relocation notices. Ms. Marshall sought to return to

Washington, and Mr. Monoskie sought to move to Ohio. Each parent (1) opposed the

other's relocation and (2) requested all five children be placed with them. Following a

hearing, the trial court approved both proposed relocations. The court also determined

the existing residential placements should remain in place and that the youngest child

would be placed with Ms. Marshall. Ms. Marshall appeals.

## ANALYSIS

*Standard of review*

When making family law decisions regarding child placement, trial courts enjoy

broad discretion. *In re Parentage* of *Jannot*, 149 Wn.2d 123, 127-28, 65 P.3d 664 (2003).

A child's strong interest in finality dictates that appellate courts will not overturn a trial

court's placement decision, absent an abuse of discretion. *In re Marriage of McDole*, 122

Wn.2d 604, 610, 859 P.2d 1239 (1993); *In re Marriage of Kim*, 179 Wn. App. 232, 240,

317 P.3d 555 (2014). Our deferential review is limited to whether the trial court's

No. 35067-3-III
*In re Marriage of Monoskie*

findings of fact are supported by the record and whether they reflect a consideration of the appropriate statutory factors. *Kim*, 179 Wn. App. at 244.

*Relocation*

Relocation requests are governed by RCW 26.09.520. This statute creates a presumption favoring relocation. *In re Marriage of Pennamen*, 135 Wn. App. 790, 801, 146 P.3d 466 (2006). To rebut the presumption, an objecting party must demonstrate "that the detrimental effect of the relocation outweighs the benefit of the change to the child and the relocating person" based on factors listed in the statute. RCW 26.09.520; *see also In re Marriage of Grigsby*, 112 Wn. App. 1, 7-8, 57 P.3d 1166 (2002).

In analyzing the competing relocation notices, the trial court here recognized the presumption favoring relocation and reasonably concluded both parents were entitled to move forward with their plans. In its oral ruling and written findings, the court properly analyzed each of the relocation factors set forth in RCW 26.09.520. In summary, the court determined the parties enjoyed strong positive relationships with the children in their primary care. RCW 26.09.520(1). Because of these strong relationships, disrupting the children's residential placements would do more harm than good. RCW 26.09.520(3). Both parents' requests for relocation were made in good faith. RCW 26.09.520(5). Nothing peculiar to the children's ages, developmental needs, or

3

access to resources weighed against relocation. RCW 26.09.520(6), (7). Because of the unavoidable distance between the parents, the court was not provided with any realistic and affordable alternatives to relocation that would have better fostered the children's relationships with their nonprimary parent. RCW 26.09.520(8), (9), (10).

As noted by the trial court, it made little sense to disapprove either parent's request for relocation. Because the parents were living in different states prior to relocation, little would be gained by denying relocation. The objecting parent would still be faced with the challenges of a long distance parent-child relationship. This unavoidable difficulty would simply be exacerbated by the fact that the primary parent would be forced to live in an undesired location, without adequate financial resources and familial support.

While proceedings before the trial court were initiated as requests for relocation, the parties' real dispute was over residential placement and whether the circumstances surrounding relocation justified modifying the parenting plan so that all five children could be placed together. The court's modification decision involved a separate legal determination, guided by a different standard.

*Modification*

The relocation context provides parties a unique opportunity to seek modification of an existing parenting plan. Normally, a major modification to a parenting plan requires

4

a threshold showing of adequate cause, including a substantial change in circumstances. RCW 26.09.260(1). However, this prerequisite does not apply in the context of a relocation. RCW 26.09.260(6). If a relocation notice has been filed and a decision has been made with respect to relocation, the trial court may address the merits of a party's request for modification without any threshold evidentiary hurdles. *Id.*; *Grigsby*, 112 Wn. App. at 15-16; *In re Marriage of McDevitt*, 181 Wn. App. 765, 769-73, 326 P.3d 865 (2014).

While the relocation context streamlines a decision on the merits by avoiding the threshold requirement of adequate cause, a party seeking modification must still demonstrate that a change to the residential schedule is in the best interests of the child. This is no easy burden. "Custodial changes are viewed as highly disruptive to children, and there is a strong presumption in favor of custodial continuity and against modification." *McDole*, 122 Wn.2d at 610. The presumption of residential continuity is set forth at RCW 26.09.260(2). Pertinent to this case, this provision requires a court to retain the parties' current residential schedule "unless . . . [t]he child's present environment is detrimental to the child's physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." RCW 26.09.260(2)(c).

5

The trial court's decision was justified under this provision. As previously noted, the court determined the children were well cared for and closely bonded with their primary residential parent. Although the court voiced some minor criticisms of Mr. Monoskie's parenting decisions, the same was true of Ms. Marshall. None of the court's criticisms were particularly significant. There was never a determination that the children's present environments were detrimental to their physical, mental, or emotional health.

Ms. Marshall places great weight on the trial court's decision to grant her primary care of the couple's youngest child. According to Ms. Marshall, this decision indicated the court found Mr. Monoskie unfit to parent all of his children. We disagree.

The trial court faced a different task when addressing placement of the youngest child, as opposed to the other children. Unlike his older siblings, the youngest child did not have a primary residential parent. As a result, there was no presumption favoring one parent over the other and the trial court's analysis fell under RCW 26.09.187(3) (governing initial placements) as opposed to RCW 26.09.260 (governing modifications). With an even playing field between the two parents, the trial court determined the youngest child would be better off residing primarily with Ms. Marshall, as opposed to Mr. Monoskie. In making this decision, the court did not find Mr. Monoskie unfit.

6

To the contrary, the trial court noted both Mr. Monoskie and Ms. Marshall were "good parents." Clerk's Papers at 86. The trial court simply needed to make a decision and determined the balance slightly favored Ms. Marshall. No further significance can be accorded the trial court's decision.

Ms. Marshall finally argues that since her petition for relocation referenced RCW 26.09.260(1) and (2), there were actually two separate proceedings and the court should have assessed modification separately from relocation. We disagree. As previously noted, the relocation context permitted the trial court to consider modification without the need for a separate proceeding. This consolidated process benefited Ms. Marshall, in that it freed her from having to establish adequate cause prior to the court's consideration of relief on the merits. But ultimately Ms. Marshall failed to show modification was warranted. There was no need for the court to reconsider its analysis under the auspices of a separate modification proceeding with a heavier evidentiary burden.

Ms. Marshall remains free to avail herself of relief under the modification statute, should a substantial change of circumstances arise in the future. However, it is the law of this case that the desire to place all five of the parties' children in one household is not, by itself, sufficient to justify a contested modification petition. As the trial judge

emphasized in her ruling, it is unfortunate that the parties chose to separate their children in their original parenting plan. But that decision cannot be undone here. The children have now adjusted to life with their respective primary parent. A presumption of continuity applies and either party wishing to disrupt the current residential schedule will face a difficult presumption against modification, as set forth in RCW 26.09.260.

## CONCLUSION

The trial court's orders are affirmed. We decline to award attorney fees to either party.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

8